GENESEE SALT CO. v. BURNAP et al.

(Circuit Court, N. D. Ohio, W. D. April 11, 1895.)

TRADE-MARKS—WHAT WILL BE PROTECTED—GEOGRAPHICAL NAMES.

A manufacturer of salt in the Genesee Valley cannot be prevented from using the word "Genesee" in connection therewith; but he may be enjoined from using it in any color, style, or form of letters, or in combination with other words, so as to imitate a combination previously used by another.

In Equity. Bill by the Genesee Salt Company against Burnap & Burnap for an injunction.

George H. Beckwith, for plaintiff.

John F Kumler, for defendants.

RICKS, District Judge. Two forms of decree are presented, and the court is called upon to decide which would be in accordance with the opinion filed March 19, 1895. In that opinion the court held that plaintiff was entitled to an injunction "on the theory that defendants were trying to imitate the inscription upon their product,—palm it off

upon the public as the plaintiff's." This the court intended to prevent, and held that the defendants could not combine the words "Genesee Salt Co. Factory Filled" in such a way as to imitate the plaintiff's description of its product, and thereby deceive the public. Plaintiff's counsel seeks to give a broader construction to this opinion than the court intended it should have, and asks that defendants be enjoined from using the word "Genesee" as describing their salt. I do not think this can be done. A court will not enjoin from telling the truth. The facts in this case show that defendants are manufacturing their salt in the Genesee Valley, and to prevent them from using the word "Genesee" as descriptive of their salt would be to give the plaintiff a monopoly of that word, which the law does not intend to give. The case was practically decided on the authority of Canal Co. v. Clark, 13 Wall. 311, from which the court quoted as follows:

"He has no right to appropriate a sign or a symbol which, from the nature of the fact it is used to signify, others may employ with equal truth, and therefore have an equal right to employ for the same purpose. And it is obvious that the same reason which forbids the exclusive appropriation of generic names, or of those merely descriptive of the article manufactured, and which can be employed with truth by other manufacturers, apply with equal force to the appropriation of geographical names, designating districts of country. Their nature is such that they cannot point to the origin (personal origin) or ownership of the article of trade to which they may be applied. They point only at the place of production, not to the producer; and, could they be appropriated exclusively, the appropriation would result in mischievous monopolies."

Injunction denied beyond restraining defendants from combining the words "Genesee," "Salt," "Co.," and "Factory Filled," to resemble plaintiff's combination. Defendants are entitled to use the name "Genesee," representing the locality of the manufacture of the salt, but not to use it in any color, style, or form of letters or in combination so as to imitate plaintiff's combination.